WOOD, J.
The declaration is for writing and publishing,-and is sustained by proof of either writing or publishing. The case in East is one of variance, and has no application to the question be *790 fore us. Giving the author is matter of justification, resorted to-where slander is promulgated alone on the authority of another. Evidence of that kind cannot be given without special plea or notice —not under the issue in this case. The evidence is inadmissible.
Gilbert, for the plaintiff,
then offered to prove that he demanded the author, and proposed to sue him if given up, which was refused.
Parish objected.
* Gilbert and Swan argued to the jury for the plaintiff,
and O. Parish for the defendant.
WOOD, J. That was only a proposition to settle which was not accepted. It is not evidence.
WOOD, J. charged the jury, who returned a verdict for the plaintiff for $1,150 damages.
The defendant moved for a new trial, and in arrest of judgment, but before argument,
Swan stated that his client wanted nothing of the defendant but to be remunerated for his actual expenses in taking depositions, and to be indemnified for his counsel fees. He proposed for himself and colleague to give up their fees, and that judgment should be entered for $50, the expense of taking the depositions, and costs, and the residue of the verdict; which being agreed to, was done accordingly.